UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TREVOR TERRY,

                        Petitioner,

      -against-

JOHN FOWLE, as Director of Nassau County              **15-cv-5800**
Department of Probation, and ERIC SCHNEIDERMAN,
as Attorney General of the State of New York,

                   Respondent.

-------------------------------------------------------------------X

# PETITIONER'S APPENDIX

## INDEX TO APPENDIX

SUPERIOR COURT INFORMATION, DATED MARCH 16, 2012 .................................................A1

WAIVER OF INDICTMENT...................................................................................................A4

TRANSCRIPT FROM PLEA HEARING IN NASSAU COUNTY COURT
DATED MARCH 16, 2012 ......................................................................................................A5

TRANSCRIPT FROM SENTENCING HEARING IN NASSAU COUNTY
COURT DATED JUNE 13, 2012...........................................................................................A17

APPELLANT'S BRIEF TO APPELLATE DIVISION, SECOND DEPARTMENT..........................A22

RESPONDENT'S BRIEF TO APPELLATE DIVISION .....................................................A42

DECISION OF APPELLATE DIVISION, SECOND DEPARTMENT,
DATED MARCH 5, 2014 ......................................................................................................A62

PETITIONER'S LETTER APPLICATION FOR LEAVE TO APPEAL TO
NEW YORK COURT OF APPEALS ......................................................................................A63

PEOPLE'S RESPONSE TO PETITIONER'S LEAVE APPLICATION ............................................A64

NEW YORK COURT OF APPEALS DECISION DENYING LEAVE,
DATED JULY 24, 2014 ........................................................................................................A67

COUNTY COURT   :   COUNTY OF NASSAU
STATE OF NEW YORK
-------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

                                             Felony Nos. 14024-14028/11

        - against -

TREVOR TERRY,                                Superior Court Information No. 465N-12

                        Defendant.
-------------------------------------------------------------x

THE DISTRICT ATTORNEY OF THE COUNTY OF NASSAU, by this Superior Court
Information, accuses the defendant of the crime of POSSESSING A SEXUAL PERFORMANCE
BY A CHILD, a class E felony, in violation of Section 263.16 of the Penal Law of the State of New
York, committed as follows:

        The defendant, TREVOR TERRY, in the County of Nassau, State of New York, and
elsewhere in the State of New York, on or about the 21st day of April , 2011, knowing the character
and content thereof, knowingly had in his possession or control any performance which includes
sexual conduct by a child less than sixteen years of age, to wit: the defendant, while knowing the
content and character thereof, did knowingly possess an image of a sexual performance by a child.
Said image, labeled "Andina3 Five Yo Mom Pop Doing Nasty Stuff (Pthc,Pedo,Incest,Kiddy)
7m35S", contains the image of a female child, approximately five years of age, lewdly exposing her
genitals.

Dated:   March 16, 2012
         Mineola, New York

                                        Kathleen Rice
                                        KATHLEEN M. RICE
                                        District Attorney

A1

PLEASE TAKE NOTICE that in accordance with the provisions of Section 240.30 of the Criminal Procedure Law, the People hereby demand that within fifteen days of the date of service of this Demand, you disclose and make available to the District Attorney of Nassau County for inspection, photographing, copying or testing: (a) any written report of document or portion thereof, concerning a physical or mental examination, or scientific test, experiment, or comparisons, made by or at the request or direction of the defendant, if the defendant intends to introduce same at trial of this action, or if the defendant has filed a notice of intent to proffer psychiatric evidence and such report or document relates thereto, or if same was made by a person, other than the defendant, whom the defendant intends to call as a witness at trial; and (b) any photograph, drawing, tape, or other electronic recording which the defendant intends to introduce at trial.

PLEASE TAKE FURTHER NOTICE that in accordance with the provisions of Section 250.20 of the Criminal Procedure Law, I hereby demand from you and each of you that if you intend upon the trial of this Superior Court Information to offer, for any purpose whatever, testimony which may tend to establish your presence elsewhere than at the scene of the crime or crimes with which you are charged, at the time of their commission, you must, within eight days from the date of service of this Demand, serve upon the District Attorney of Nassau County, and file with detail the place or places where you claim to have been together with the names, post office addresses, residences and places of employment and the address thereof of the witnesses upon whom you intend to rely to establish your presence elsewhere than at the scene of the crime or crimes at the time of their commission.

If at the trial of this action the defendant calls such an alibi witness without having served a notice of alibi pursuant to the demand, of, if having served such a notice he calls a witness not specified therein, a motion will be made pursuant to the provisions of Sections 250.20 of the Criminal Procedure Law to exclude any testimony of such witness relating to the alibi defense.

PLEASE TAKE FURTHER NOTICE that pursuant to Section 710.30 of the Criminal Procedure Law, the People intend to offer at the trial of this Superior Court Information evidence of and/or written statement(s) made to a public servant pertaining to the charge as set forth in this Superior Court Information.

PLEASE TAKE FURTHER NOTICE that pursuant to Section 710.30 of the Criminal Procedure Law, during the trial of this matter, the People expect to introduce testimony identifying the defendant as a person who committed the offenses charged as set forth in this superior Court Information, which testimony will be given by a witness (witnesses) who has (have) previously identified the defendant.

KATHLEEN M. RICE
District Attorney
Nassau County, New York

A2

SCI   NO. ~~465N~~

465N－12

3/16/12

COUNTY COURT   :   COUNTY OF NASSAU   :   STATE OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

     -against-

TREVOR TERRY,

               Defendant.

KATHLEEN M. RICE
District Attorney

SUPERIOR COURT INFORMATION

for

POSSESSING A SEXUAL PERFORMANCE BY A CHILD

A3

COUNTY COURT  :  COUNTY OF NASSAU
STATE OF NEW YORK
--------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

       -against-

                                      WAIVER OF INDICTMENT

TREVOR TERRY,                       Felony Nos. 14024-14028/11

                                     Superior Court Information No. 465ᴎ-12

                        Defendant
--------------------------------------------------------------x

I, the defendant named above, having been held for the action of a grand jury by the First District Court of Nassau County on the felony complaint specified above, hereby waive indictment and consent to be prosecuted by a Superior Court Information charging the offenses named in the attached copy of that Superior Court Information, that copy being a part of this waiver which has been explained to me by my attorney and which I understand.

I am aware that:

(a)  Under the Constitution of the State of New York I have the right to be prosecuted by indictment filed by a grand jury;
(b)  I waive such right and consent to be prosecuted by Superior Court Information to be filed by the District Attorney;
(c)  The  Superior Court Information to  be  filed by  the District Attorney will charge  the offenses named in his waiver, and
(d)  The Superior Court Information to be filed by the District Attorney will have the same force and effect as an indictment filed by a grand jury.

Signed in open court and in the presence
of my attorney.

                                      Defendant (Signature)

I have explained this waiver to the defendant,
who has signed it in open court, and in my
presence.

                                      Defense Attorney (Signature)

I, the District Attorney of the county specified
above, hereby consent to this waiver.

                                      Assistant District Attorney

This court being satisfied that this waiver complies with the provisions of Sections 195.10 and 195.20 of the Criminal Procedure Law, it is

        ORDERED that this waiver is approved.

                                    Enter,

                                      Acting County Court Judge

A4

```
1    COUNTY COURT OF THE STATE OF NEW YORK
     COUNTY OF NASSAU        :        PART XV
2    -----------------------------------------------X

3    THE PEOPLE OF THE STATE OF NEW YORK,

4                                              SCI Number
               -against-                       465N-2012
5

6    TREVOR TERRY,

7                                    Defendant.

8    -----------------------------------------------X
                                    Mineola, New York
9                                   March 16, 2012

10

11   B E F O R E:      HONORABLE WILLIAM J. O'BRIEN
                       Acting County Court Judge
12

13
     A P P E A R A N C E S:
14

15                    HON. KATHLEEN M. RICE
                      District Attorney of Nassau County
16                    BY:   JEREMY GLICKSMAN, ESQ.
                      Assistant District Attorney
17

18                    GLENN HARDY, ESQ.
                      Attorney for Defendant
19                    226 Seventh Street
                      Garden City, NY   11530
20

21

22
                              P L E A
23

24
                                    Edward Dong
25                                  Senior Court Reporter
```

```
 1              THE CLERK:  Trevor Terry, Docket 2011-14024
 2   and to 14028.
 3              MR. HARDY:  Glenn Hardy, 226 Seventh Street,
 4   Garden City, New York, for Mr. Terry.
 5              MR. GLICKSMAN:  Jeremy Glicksman for the
 6   People.  Good morning, your Honor.
 7              THE COURT:  Good morning.  I understand that
 8   we have reached a disposition in this matter.  I'm going
 9   to turn it over to the clerk for the waiver of
10   indictment proceedings and arraignment on the SCI.
11              THE CLERK:  Sir, Trevor Terry, I have been
12   instructed by the Honorable William J. O'Brien, sitting
13   as a Local Criminal Court Judge, to advise you that you
14   have the right to a felony hearing on the charges
15   contained in this complaint.  Do you waive the right to
16   that felony exam and consent to this case being held for
17   the action of the Grand Jury?
18              THE DEFENDANT:  Yes.
19              THE CLERK:  The District Attorney of Nassau
20   County has filed a Superior Court Information against
21   you.  Under the Constitution of the State of New York,
22   you have the right to be prosecuted by indictment.  Do
23   you wish to waive that right and proceed by Superior
24   Court Information?
25              THE DEFENDANT:  Yes.
```

1          THE COURT:  The record will reflect that the

2    defendant has signed the waiver of indictment form in

3    open court and the waiver of indictment is approved.  If

4    everybody signed, I'll take that.

5          THE CLERK:  The District Attorney of Nassau

6    County has filed Superior Court Information number 465N

7    of 2012 for the crime of possessing a sexual performance

8    by a child.  You are advised of your right to counsel

9    throughout all stages of the proceedings, and you are

10   also advised if you have any prior felony convictions,

11   you may be subject to a mandatory term of imprisonment.

12   How do you plead, guilty or not guilty?

13         THE DEFENDANT:  Not guilty.

14         THE COURT:  I understand the People have an

15   application.

16         MR. GLICKSMAN:  People's application, your

17   Honor.  Under SCI 465N-12, the defendant, Trevor Terry,

18   is charged with one count of violating Penal Law Section

19   263.16, possessing a sexual performance by a child, a

20   class D -- class E felony.  At this time the People will

21   permit defendant to plead guilty to one count of

22   violating Penal Law Section 263.16, possessing a sexual

23   performance by a child, a class E felony, in full

24   satisfaction of this SCI and the underlying charges

25   contained in the dockets.

1        This plea is contingent on the defendant being

2   sentenced to four months incarceration and 10 years

3   probation.  The defendant is also surrendering for

4   purposes of destruction the following items that were

5   seized from his residence:  One Mac notebook computer

6   and one Hewlett-Packard notebook computer.  Defendant is

7   also subject to mandatory sex offender registration

8   pursuant to this plea.  Defendant will waive his right

9   to appeal both the plea and sentence.

10        The People submit they have made no threats or

11   promises in relation to this plea.  The People

12   respectfully request that your Honor accept this plea in

13   the interests of justice.

14        MR. HARDY:  Your Honor, we join in that

15   application.

16        THE COURT:  Very well.  If you would swear in

17   Mr. Terry.

18        (Whereupon, the defendant was duly sworn by

19   the Clerk.)

20        THE COURT:  Mr. Terry, what's happened is the

21   district attorney has offered to permit you to plead

22   guilty to this reduced charge in return for the sentence

23   promise of, it would be four months in the Nassau County

24   Correctional Center plus the probation, the requirement

25   of registration under the Sex Offender Registration Act,

1       the destruction of the laptops.  This pretty much

2       summarizes it.  I'll go over it in detail with you

3       later.  Is that what you've agreed to?

4                   THE DEFENDANT:  Yes.

5                   THE COURT:  I'm going to ask you a whole

6       series of questions that are designed to make sure that

7       you understand what's happening here today and that

8       you're in agreement with it.  If at any time during the

9       course of my questioning you find that you don't

10      understand something I'm asking, please let me know.

11      I'll be happy to ask that question in a different way.

12      If you just need a moment to speak to Mr. Hardy during

13      this process, let me know and I'll do that for you as

14      well.

15                  THE DEFENDANT:  Okay.

16                  THE COURT:  Mr. Terry, how old are you?

17                  THE DEFENDANT:  Twenty-two.

18                  THE COURT:  Are you a citizen the United

19      States?

20                  THE DEFENDANT:  Yes.

21                  THE COURT:  Do you read and write English?

22                  THE DEFENDANT:  Yes.

23                  THE COURT:  What was the highest grade level

24      that you completed in school?  You're in college now.

25                  THE DEFENDANT:  Yeah.

```
 1                    THE COURT:  So have you completed your high
 2       school diploma?
 3                    THE DEFENDANT:  Yes.
 4                    THE COURT:  Do you feel in good physical and
 5       mental health as you sit here today?
 6                    THE DEFENDANT:  Yes.
 7                    THE COURT:  Have you taken any alcohol, drugs
 8       or medication or anything that might affect your ability
 9       to understand what's happening, anything like that in
10       the last 24 hours?
11                    THE DEFENDANT:  No.
12                    THE COURT:  Have you ever been treated or
13       confined to a hospital for any mental illness or
14       disorder?
15                    THE DEFENDANT:  No.
16                    THE COURT:  Have you had enough time to speak
17       with Mr. Hardy before deciding whether to plead guilty
18       here today?
19                    THE DEFENDANT:  Yes.
20                    THE COURT:  Are you satisfied with the manner
21       in which your attorney has represented you?
22                    THE DEFENDANT:  Yes.
23                    THE COURT:  Mr. Terry, you understand when you
24       plead guilty, you give up a number of different rights?
25       You give up the right to have a trial by jury at which
```

1       the district attorney would be required to prove you

2       guilty of these charges beyond a reasonable doubt.   You

3       give up the right to have Mr. Hardy ask questions of any

4       witnesses who might testify against you.  You give up

5       the right but not the obligation that you would have to

6       testify at trial.  By that I mean that if the case went

7       to trial instead of a plea situation, what would happen

8       is it would be up to you to decide if you wanted to

9       testify at trial, but no one could force you to do that.

10              Of course, when you have a plea situation, you

11      plead guilty to a lesser charge, you're giving up each

12      of those rights.  Do you understand you're giving up

13      those rights?

14              THE DEFENDANT:  Yes.

15              THE COURT:  Was this conditioned on a waiver

16      of right to appeal?

17              MR. GLICKSMAN:  It was, your Honor.

18              THE COURT:  An appeal is a proceeding in a

19      higher court at which that court would have the

20      opportunity to review what we've done here to see if

21      we've made any mistakes of the law or fact that might

22      affect either the validity of the conviction, which will

23      happen shortly, or the validity of the sentence, which

24      will be imposed at a later date.

25              When you give up your right to appeal as part

1        of a plea arrangement, what that means is no higher

2        court is going to have the opportunity to review what

3        we've done here.  Do you understand that is a

4        consequence of your plea?

5                    THE DEFENDANT:  Yes.

6                    THE COURT:  Has anyone threatened you or

7        forced you to do that?

8                    THE DEFENDANT:  No.

9                    THE COURT:  I'm sorry.  What?

10                   THE DEFENDANT:  No.

11                   THE COURT:  Has anybody in any way made any

12       threats or tried to force you to plead guilty?

13                   THE DEFENDANT:  No.

14                   THE COURT:  Are you presently on probation or

15       parole?

16                   THE DEFENDANT:  No.

17                   THE COURT:  Have you previously been convicted

18       of a felony?

19                   THE DEFENDANT:  No.

20                   THE COURT:  You are pleading guilty to a

21       felony charge here, the lowest level.  It is a class E

22       felony where the maximum term of imprisonment would be

23       four years.  As a result of this conviction, one of the

24       consequences is that if in the following 10 years after

25       this conviction you are convicted of another felony,

1    that court would be required to impose a mandatory term

2    of imprisonment because of this conviction.   You

3    understand that that's a consequence of this plea?

4                 THE DEFENDANT:   Yes.

5                 THE COURT:   Now, my sentence promise that I've

6    given to you toady is conditional.   What that means is

7    between now and the date of sentence I am required to

8    order a presentence investigation and report from the

9    Probation Department.   They're going to do a background

10   investigation about you and about what happened in this

11   case.   I'm not anticipating an issue, but if for any

12   reason after I get that probation report back I find

13   that I'm not able to live up to my promise to you,

14   meaning that I decide that the right sentence for your

15   case should involve something more than I agreed, the

16   four months and the probation, if that happens, you

17   would be entitled to take back your plea and I'll

18   reinstate your not guilty plea and you could go to trial

19   if you wish.

20                But there are few things you need to do in

21   order to make sure I'm bound by my promise.   One of

22   those things is to cooperate with the Probation

23   Department in the preparation of that presentence report

24   that I just mentioned.   We'll give you some written

25   instructions on how to take care of that.   In addition,

1     you must come back to court on the date that I have to

2     set for sentence so I don't have to have you rearrested

3     on a warrant.  Last thing and most importantly, you must

4     not get arrested for any new charges between now and the

5     date of sentence.

6              Because if any one of those things were to

7     happen, under those circumstances, I would not be bound

8     by my promise to you.  You would not then be entitled to

9     take back the guilty plea, and under those

10    circumstances, you could be sentenced to anything up to

11    and including four years in state prison on this top

12    count here, the class E felony.  Do you understand that?

13              THE DEFENDANT:  Yes.

14              THE COURT:  Do the People wish to be heard

15    further as to the Court's commitment?

16              MR. GLICKSMAN:  Nothing further, your Honor.

17              THE COURT:  Mr. Terry, by your plea of guilty

18    in this case, sir, do you admit that on April 21, 2011,

19    in the County of Nassau, being aware of the fact that

20    these things were on your computer, that you were in

21    possession of child pornography, that being an image of

22    a female child five years of age exposing her genitals

23    in a lewd fashion?

24              THE DEFENDANT:  Yes.

25              THE COURT:  People satisfied?

1          MR. GLICKSMAN:  Yes, we are, your Honor.

2          THE COURT:  The Court is satisfied as well.

3    The Court is satisfied that the defendant understands

4    the nature and the consequence of his plea.  The Court

5    is satisfied that the defendant has discussed the waiver

6    of his rights with his attorney and finds that it is in

7    the interests of justice to accept the plea from the

8    defendant.  The clerk is authorized to do so at this

9    time.

10         THE CLERK:  Okay, sir.  Is it now your

11   intention to plead guilty to one count of 263.16,

12   possession of a sexual performance by a child in

13   satisfaction of SCI 465N of 2012?

14         THE DEFENDANT:  Yes.

15         THE COURT:  The guilty plea is accepted.  The

16   earliest date for sentence would be May 11, but I

17   understand and I want him to finish up this semester's

18   worth of schoolwork before we impose sentence.  Do we

19   know when the date of that is?

20         MR. HARDY:  Judge, he actually graduates on

21   May 10, so we would be asking for May 14.

22         THE COURT:  That's fine.  Let's do it after

23   that.  May 14 for sentence.

24         MR. HARDY:  Very good, Judge.

25         THE COURT:  Stand by.  We'll get you copies of

1          the paperwork he needs to bring with him to probation.

2          We will see you back here May 14.

3                    THE CLERK:   Let the record reflect defendant

4          is receiving a copy of the request for the probation

5          report.   He is to report to probation today or tomorrow?

6                    THE COURT:   Today.

7                    THE CLERK:   Today.

8                    MR. HARDY:   Thank you, Judge.

9                         *         *         *

10                   C E R T I F I C A T I O N

11

12         I hereby certify the within to be a true and accurate

13    transcription of my stenographic notes in the above

14    proceeding.

15

16

17         _____

18                   Edward Dong

19

20

21

22

23

24

25

1 | COUNTY COURT OF THE STATE OF NEW YORK
  |       COUNTY OF NASSAU :   PART 86
2 | ---------------------------------------x
  | THE PEOPLE OF THE STATE OF NEW YORK
3 |
  |
4 |
  |            -against-                    SCI No. 465N/12
5 |
  |
6 | TREVOR M. TERRY,
  |
7 |                      DEFENDANT.
  | ---------------------------------------x
8 |
  |                   Mineola, New York
9 |                   June 13, 2012
  |
10 |
   | B E F O R E:   HON. WILLIAM J. O'BRIEN
11 |                Acting County Court Judge
   |
12 |
   |
13 | A P P E A R A N C E S:
   |
14 |
   |             HON. KATHLEEN M. RICE
15 |             District Attorney of Nassau County
   |             BY:   JEREMY GLICKSMAN, ESQ.
16 |             Assistant District Attorney
   |             For the People
17 |
   |
18 |             GLENN HARDY, ESQ.
   |             226 Seventh Street
19 |             Garden City, New York  11530
   |             Attorney for Defendant
20 |
   |
21 |
   |
22 |                   S E N T E N C E
   |
23 |
   |
24 |             Kathi A. Fedden
   |             Official Court Reporter
25 |

Proceedings                          2

1          THE CLERK:  Trevor Terry, SCI 465N of 2012 on

2     for sentence.

3          Appearances, please.

4          MR. HARDY:  Glenn Hardy, 226 Seventh Street,

5     Garden City, New York for Mr. Terry.

6          MR. GLICKSMAN:  Jeremy Glicksman for the

7     People.  Good morning, your Honor.

8          THE COURT:  Good morning.

9          This matter is on for sentence today.  Is the

10    defendant ready for sentence?

11         MR. HARDY:  We are, Judge.

12         THE COURT:  Is there anything you would like

13    to say in addition to what we already discussed in our

14    conference, Mr. Hardy?

15         MR. HARDY:  Judge, I've gone through the

16    probation paperwork with him.  I've explained that in

17    detail to him.  We do stand ready for sentence.

18    Mr. Terry has gone to a program and he was doing very

19    well in that program.  We do stand ready.

20         THE COURT:  Do the People wish to be heard

21    before sentence?

22         MR. GLICKSMAN:  The plea was conditioned on

23    the defendant being sentenced to four months

24    incarceration and ten years probation and as well as

25    consenting to one MAC notebook and one Hewlett Packard

1    computer seized during the execution of a search warrant

2    for purposes of destruction.

3              THE COURT:  Is there anything you would like

4    to say, Mr. Terry?

5              THE DEFENDANT:  No.  I'm sorry for everything.

6    I apologize to the Court for my actions.

7              THE COURT:  Stay away from the stuff, okay?

8              THE DEFENDANT:  Yeah.

9              THE COURT:  Mr. Terry, the sentence of the

10   Court for the charge of which you stand convicted upon

11   your plea of guilty under this Superior Court

12   Information, that being possessing a sexual performance

13   by a child less than 16 years of age, a class E felony,

14   is four months in the Nassau County Correctional Center

15   together with a concurrent term of probation for a term

16   of ten years.  The terms and conditions of probation

17   shall be those you signed off on.  I signed off on them

18   as well.  They include the sex offender conditions.

19             In addition, it mandates your registration as

20   a sex offender.  I'm not going to do the risk level

21   assessment today because one of the factors I need to

22   consider is your conduct while confined and, therefore,

23   we need to wait until sometime in September.

24             Did you want to select a date today for the

25   risk level assessment?

| | |
|---|---|
| 1 | MR. HARDY:  Judge, I think we have to actually |
| 2 | do it in August. |
| 3 | THE COURT:  That's true. |
| 4 | MR. HARDY:  So is August 22nd good? |
| 5 | THE COURT:  August 22nd is fine.  We'll |
| 6 | schedule the risk level assessment hearing for 8/22 and |
| 7 | we'll produce the defendant on that day. |
| 8 | This conviction does require the payment of a |
| 9 | mandatory surcharge of $300, a crime victims' assistance |
| 10 | fee of $25, a sex offender registration fee of $50 and a |
| 11 | supplemental sex offender victim fee of $1,000.  It also |
| 12 | does mandate a DNA fee of $50. |
| 13 | How do you want to do that? |
| 14 | MR. HARDY:  Civil judgment. |
| 15 | THE COURT:  By civil judgment. |
| 16 | MR. HARDY:  Thank you, Judge. |
| 17 | One last request, that he be put in protective |
| 18 | custody. |
| 19 | THE COURT:  Yes, he will be put into |
| 20 | protective custody. |
| 21 | Fines and surcharges not to be collected from |
| 22 | inmate funds. |
| 23 | August 22nd for the risk level assessment. |
| 24 | THE CLERK:  Let the record reflect the |
| 25 | defendant is going to receive a copy of his orders for |

1          probation and the SARA conditions.    Thank you.

2                   MR. HARDY:    Thank you, Judge.

3                   THE COURT:    No problem.    Take care.

4

5              *                   *                        *

6

7

8                   C E R T I F I C A T I O N

9

10              I hereby certify the within to be a

11         true and accurate transcription of my

12         stenographic notes in the above proceeding.

13

14

15

16              Kathi A. Fedden

17

18

19

20

21

22

23

24

25

*Submitted by*
Steven A. Feldman

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

THE PEOPLE OF THE STATE OF NEW YORK,

        *Respondent,*

    v.                          Docket No. 2012-11397
                                    Indictment No. 465/12

TREVOR TERRY

        *Appellant.*

BRIEF FOR APPELLANT

FELDMAN and FELDMAN
Attorneys at Law
626 Reckson Plaza
West Tower, 6th Floor
Uniondale, NY 11556
(516) 522-2828

Steven A. Feldman,
Arza Feldman,
Attorneys for Appellant
*of counsel*

A22

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
_____

THE PEOPLE OF THE STATE OF NEW YORK,

*Respondent*,

-against-

TREVOR TERRY,

*Defendant-Appellant.*
_____

STATEMENT PURSUANT TO RULE 5531

1. The indictment number in the court below was 465/12.

2. The full names of the original parties were the People of the State of New York against Trevor Terry.

3. This action was commenced in County Court, Nassau County.

4. This appeal is from a plea to possessing a sexual performance by a child, in violation of section 236.16 of the Penal Law.

5. Judgment was entered on June 13, 2012.

6. This appeal is not being prosecuted by the appendix method.

7. This appeal does not follow a hearing.

i

A23

## TABLE OF CONTENTS

STATEMENT PURSUANT TO RULE 5531 . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . 1

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I:

       THE APPELLATE WAIVER IS
       INVALID AND, THUS,
       UNENFORCEABLE . . . . . . . . . . . . . . . . . . . . 4

POINT II:

       THE PLEA IS DEFECTIVE
       BECAUSE THE PEOPLE FAILED TO
       ESTABLISH DEFENDANT
       ENGAGED IN AN AFFIRMATIVE
       ACT--SUCH AS PRINTING,
       SAVING OR DOWNLOADING AN
       IMAGE OF CHILD
       PORNOGRAPHY, RATHER THAN
       MERELY VIEWING A WEBSITE--
       TO SHOW HE, IN FACT,
       EXERCISED DOMINION AND
       CONTROL OVER WHAT WAS ON
       HIS COMPUTER SCREEN . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . 16

AFFIDAVIT OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . 17

A24

PRELIMINARY STATEMENT

This is an appeal from a plea to possessing a sexual performance by a child, in violation of section 236.16 of the Penal Law, entered in County Court, Nassau County, on June 13, 2012 (Hon. William J. O'Brien).

Appellant, who did not move for a stay pending appeal, is no longer incarcerated pursuant to this judgment, but is on probation for ten years.

1

A25

## QUESTIONS PRESENTED

1. Is the appellate waiver invalid and, thus, unenforceable?

2. Is the plea defective because the People failed to establish defendant engaged in an affirmative act--such as printing, saving or downloading an image of child pornography, rather than merely viewing a website--to show he, in fact, exercised dominion and control over what was on his computer screen?

2

A26

## STATEMENT OF FACTS

On March 16, 2012, Trevor M. Terry pleaded guilty

possessing a sexual performance by a child, in violation of section

236.16 of the Penal Law (Plea: 3).

The Court asked:

> Mr. Terry, by your plea of guilty in this case, sir, do
> you admit that[,] on April 21, 2011, in the County of
> Nassau, being aware that these things were on your
> computer, that you were in possession of child
> pornography, that being an image of a female child
> five years of age exposing her genitals in a lewd
> fashion? (Plea 10).

Appellant said yes, and the People said they were satisfied (Plea:

10-11).

The Court asked Appellant if he understood that the waiver

of his right to appeal was a consequence of his plea (Plea: 8). He

said he understood, and that no one had forced him to do so (Plea:

8).

On June 13, 2012, Appellant was sentenced to four months'

imprisonment and ten years' probation (Sentence: 2).

3

A27

ARGUMENT

POINT I

THE APPELLATE WAIVER IS INVALID AND,
THUS, UNENFORCEABLE.

During the plea colloquy, the Court asked Appellant: "Do
you understand that [an appellate waiver] is a consequence of
your plea?" (Plea: 8). Defendant said, "yes" (Plea: 8). The Court
then  asked if anyone had "threatened you or forced you to do
that?" (Plea: 8). Appellant said no (Plea: 8). This limited inquiry
is insufficient to render the appellate waiver enforceable on
appeal.

Clearly, as part of a negotiated plea bargain, a defendant
may waive his right to appeal. *People v. Seaberg*, 74 N.Y.2d 1, 5
(1989). But to be enforceable, the waiver must be knowing,
intelligent and voluntary. *Id.* at 11. Here, the appellate waiver was
neither intelligent nor knowing.

First, the Court never asked the defendant if he understood
the import of the waiver. The record does not demonstrate that the
defendant "grasped the concept of the appeal waiver and the

4

A28

nature of the right he was forgoing." *People v. Bradshaw*, 18 N.Y.3d 257, 267 (2011); *People v. Springer*, 104 A.D.3d 794 (2d Dept. 2013)(" ... the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant grasped the concept of the appeal waiver and the nature of the right he was forgoing")(internal quotation marks omitted), leave to appeal denied by *People v. Springer*, 21 N.Y.3d 1020 (2013), *substituted opinion at, vacated by, recalled by, on rehearing at People v. Springer*, 109 A.D.3d 557 (2d Dept. 2013)(same ruling on appellate waiver); *People v. Johnson*, 109 A.D.3d 489 (2d Dept. 2013)(same); *People v. Collins*, 104 A.D.3d 785 (2d Dept. 2103)(same).

Second, the Court never asked defendant if he had any questions about the waiver. A monosyllabic one-word answer, "yes," does not reflect that the defendant-- as a first-time offender and a young college student (Plea: 5), who had to be placed in protective custody (Sentence: 4)--had any real understanding of the valuable rights he was waiving. The waiver was thus not intelligent.

5

A29

Third, the Court never asked the defendant if he had conferred with counsel about the waiver. The waiver was, therefore, not knowing. *Compare People v. Mattison*, 74 A.D.3d 1495, 1496 (3d Dept. 2010)("County Court had fully explained the appeal rights being waived [and] provided [defendant] with an opportunity to confer with counsel ....").

Fourth, the Court did not ask Appellant to execute a written waiver of his right to appeal, in open court, to impress upon him the solemnity of his action. He had nothing to read and, thus, had to rely solely on the Court's limited oral questions. *Compare id.* ("County Court had fully explained the appeal rights being waived [and] read the proposed written waiver to defendant ...."); *People v. Empey*, 73 A.D.3d 1387, 1388 (3d Dept. 2010)(waiver upheld where, *inter alia*, defendant " ... executed a detailed written waiver of the right to appeal.").

But even the Court had used a written waiver, that would have been insufficient in view of the truncated oral colloquy. *Cf. People v. Keiser*, 100 A.D.3d 927 (2d Dept. 2012)("A detailed written waiver can supplement a court's on-the-record

6

A30

explanation of what a waiver of the right to appeal entails, but a written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal as a condition of the plea agreement")(internal quotation marks and citation omitted).

Because defendant's appellate waiver is unenforceable, this Court should reach the sufficiency of his plea on the merits. S*ee, e.g.*, *People v. Burnett*, 103 A.D.3d 662 (2d Dept. 2013)("The defendant's purported waiver of his right to appeal was invalid and, thus, does not preclude review of his excessive sentence claim")(citations omitted); *People v. Chenphang*, 102 A.D.3d 884 (2d Dept. 2013)(same); *People v. Brady-Laffer*, 102 A.D.3d 806 (2d Dept. 2013)(same); *People v. Contant*, 77 A.D.3d 967 (2d Dept. 2010)("As the defendant's waiver of his right to appeal was invalid, the defendant is not precluded from addressing any of the issues he raises on appeal"); *leave to appeal denied by People v. Contant*, 16 N.Y.3d 829 (2011); *reargument denied by People v. Contant, Isan*, 2011 NY Slip Op 60810(U) (2d Dept. 2011);

7

A31

*post-conviction relief Granted at, Recalled by, Vacated [on other grounds] by People v. Contant*, 84 A.D.3d 977 (2d Dept. 2011).

For all of these reasons, the Court should find the appellate waiver unenforceable.

8

A32

POINT II

THE PLEA IS DEFECTIVE BECAUSE THE
PEOPLE FAILED TO ESTABLISH DEFENDANT
ENGAGED IN AN AFFIRMATIVE ACT--SUCH
AS PRINTING, SAVING OR DOWNLOADING
AN IMAGE OF CHILD PORNOGRAPHY,
RATHER THAN MERELY VIEWING     A
WEBSITE--TO SHOW HE, IN FACT,
EXERCISED DOMINION AND CONTROL OVER
WHAT WAS ON HIS COMPUTER SCREEN.

Upon pleading guilty, the Court asked the defendant,

without more, if he was in possession of child pornography on his

computer. But it never asked him, under the law at the time he

allegedly committed his offense, whether he took some requisite

affirmative act, such as printing, saving, or downloading it.

Absent such proof, the dispositive element of possession--that he,

in fact, exercised dominion and control over the image that was

on his screen--was never established and, therefore, the plea is

deficient. As a result, the plea should be vacated, because it

violates federal Due Process.[1]

---

[1]. To preserve the sufficiency of this point for habeas
corpus review in federal district court, Appellant must show, upon
filing his petition in that forum, that he has fairly presented the
constitutional nature of his claim to this, the State court. He may
do so by relying on pertinent federal cases employing

9

A33

While the defense counsel did not object to the allocution, move to withdraw the plea pursuant to Criminal Procedure Law § 220.60 (3), or move to vacate the judgment of conviction pursuant to Criminal Procedure Law § 440.10, the issue is still preserved for appellate review, because the rare case exception to the preservation requirement applies.

Appellant's factual recitation clearly cast significant doubt on his guilt, because the *sine qua non* of the crime–legally cognizable possession as it was defined in 2011, at the time of the crime–is absent from his allocution. *People v. Lopez*, 71 N.Y.2d 662, 666 (1988)("In that rare case, however, where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea * * *

_____

constitutional analysis, relying on state cases employing constitutional analysis in like fact situations, asserting a claim so particular as to call to mind a specific right protected by the Constitution, or alleging a pattern of facts that are well within the mainstream of constitutional litigation. *Daye v. Attorney General*, 696 F.2d 186, 192 (2d Cir. 1982). Here, Due Process was violated because every element of the crime was not established. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

10

A34

the salutary purpose of the preservation rule is arguably not jeopardized.").

Here, there is significant doubt about the defendant's guilt, because he never admitted to the 2011 legal definition of "possession" *vis a vis* a 236.16 charge, namely, by engaging in an affirmative act such as printing, saving, downloading the image. Because there was no affirmative act, there could be no possession.

But even if the rare case exception to the preservation doctrine were inapplicable, this Court should review this issue as a matter of discretion, in the interest of justice, under section 470.15(3)(c) of the Criminal Procedure Law, because defense counsel was unable to either contemporaneously object, or move to withdraw the plea, under the controlling authority on appeal, *People v. Kent*, 19 N.Y.3d 290 (2012), since that case was decided on May 8, 2012–well over one month after Appellant pleaded guilty on March 16, 2012.

Nor could defense counsel be expected to move to vacate the judgment of conviction, pursuant to CPL 440.10, because,

11

A35

under the county Assigned Counsel Plan, unlike the federal system, counsel does not automatically continue on appeal, and is no longer counsel of record to mount a collateral attack on the judgment.

Hence, following sentence, the defendant was essentially without counsel, pending assignment of counsel on appeal. Yet even then, appellate counsel could not file that motion, because it is beyond the scope of the appellate appointment, which is limited to the direct criminal appeal. Even if an argument could be made that defense counsel should have moved to vacate the plea at sentence, because *Kent* had just been decided by then, this Court should still review the issue subject to its interest of justice jurisdiction because of the very close timing of the decision and the sentence.

On the merits, the Court of Appeals held in *Kent* that "accessing and displaying Web images of child pornography does not constitute procurement for purposes of Penal Law § 263.15." *Id*. at 301. On this pleading record, however, both the Court and the People failed to elicit whether Appellant simply displayed a

12

A36

web image on his computer, which fails to make out the possession element of 263.15.

They likewise failed to elicit whether Appellant " ... possess[ed] [this] image ... [by engaging in the] affirmative act[] of control such as printing, downloading or saving." *Id.*

Absent the element of possession, the pleading record does not establish a factual predicate for the crime. It is unclear whether this case that turns on the tangibility of an image on a website–which is not a crime–or its permanent placement on the defendant's hard drive, coupled with his ability to access it later, which is.

Because it cannot be divined whether the defendant simply viewed a website image, there is no proof that he had even the theoretical capacity to exercise control over the image, which would give rise to its procurement and possession.

Critically, the New York Court of Appeals did not agree that, under extant law, even "purposefully making [child pornography] appear on the computer screen--for however long the defendant elects to view the image--itself constitutes knowing

13

control." *Id.* at 303 (*quoting*

*People v. Kent*, 79 A.D.3d 52, 66 (2d Dept. 2010)(*quoting*

*Commonwealth v. Diodoro*, 601 Pa. 6, 970 A.2d 1100, 1107

(2009)).

It is only the affirmative act of printing, saving, or

downloading, to show dominion and control--which Appellant

did not do--that gives rise to the possessory element in section

263.15.

While *Kent* was modified by L 2012, ch 456 [adding "or

knowingly accesses with intent to view" to Penal Law § 263.16],

*People v. Rudolph*, 2013 N.Y. Slip Op 4840 * 31 (June 27, 2013),

that after-the-fact amendment has no legal application to this case.

The effective date of that modification was September 7,

2012, while Appellant allegedly committed the instant offense

approximately 15 months earlier, on April 21, 2011. Because the

amendment occurred after the alleged crime, its application to

Appellant would violate the Ex Post Facto Clause to the United

States Constitution. U.S. Const., art I, § 10.  Appellant, after all,

had the right to have fair warning about prohibited conduct which

14

A38

gave rise to criminal penalties. *Marks v. United States*, 430 U.S.

188, 191-92, 97 S. Ct. 990, 993, 51 L. Ed. 2d 260 (1977).

<u>CONCLUSION</u>

APPELLANT'S PLEA SHOULD BE VACATED.

Dated:   October 25, 2013
         Uniondale, NY

Respectfully Submitted,

Steven A. Feldman

15

A39

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
—————————————————————————

THE PEOPLE OF THE STATE OF NEW YORK,

*Respondent*,

-against-

TREVOR TERRY,

*Defendant-Appellant*.
—————————————————————————

### CERTIFICATE OF COMPLIANCE

I hereby affirm that, pursuant to 22 NYCRR §670.10.3(g)(2)(ix), this double-spaced brief has been drafted in 14 point Times New Roman typeface, and totals 2,620 words, which is less than the 14,000 word maximum for Appellant's main brief.

Steven A. Feldman

16

A40

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
_____

THE PEOPLE OF THE STATE OF NEW YORK,

                              *Respondent*,

          -against-

                                        Affidavit of
TREVOR TERRY,                           Service

                  *Defendant-Appellant*.
_____

          I, Steven A. Feldman, an attorney duly admitted to practice

law in the State of New York, affirm, under penalties of perjury,

that, on October 25, 2010, I served a copy of defendant's

transcripts and appellate brief, by first class United States mail, on

the Nassau County District Attorney, 262 Old Country Road,

Mineola, NY 11501, and a copy of the brief on Trevor Terry, 467

4th Street, Elmont, NY 11003.

                              _____
                                        Steven A. Feldman

                              17

                              A41

To Be Submitted

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

THE PEOPLE OF THE STATE OF NEW YORK,

*Respondent,*

- *against* -

**A.D. No.:**
**2012-11397**
**IND. No.:**
**465N-2012**

TREVOR TERRY,

*Defendant-Appellant.*

# RESPONDENT'S BRIEF

KATHLEEN M. RICE
District Attorney, Nassau County
Attorney for Respondent
262 Old Country Road
Mineola, New York 11501
(516) 571-3800

Barbara Kornblau
  Assistant District Attorney
    *of Counsel*
Matthew C. Frankel
  Attorney's Assistant

T A B L E   O F   C O N T E N T S

Page

Preliminary Statement ......................................... i

Statement of Facts
      Introduction .............................................. 1
      The Plea Proceeding ....................................... 3
      The Sentencing Proceeding ................................. 5

POINT I
      Defendant's Waiver Of His Right To Appeal
      Was Knowing, Intelligent, And Voluntary And
      Is, Therefore, Enforceable ................................ 6

POINT II
      Defendant's Plea Allocution Was Factually
      Sufficient And Any Claim To The Contrary
      Is Precluded By His Valid Appeal Waiver And
      Is Unpreserved For Appellate Review ...................... 11

Conclusion ................................................... 16

Certificate of Compliance

A43

# NEW YORK SUPREME COURT

**Appellate Division - Second Department**

————••⋊⋉••————

**THE PEOPLE OF THE STATE OF NEW YORK,**

*Respondent,*

*- against -*

**TREVOR TERRY,**

*Defendant-Appellant.*

————••————

# RESPONDENT'S BRIEF

————

## Preliminary Statement

Defendant appeals from a judgment of the County Court, Nassau County, rendered on June 13, 2012, convicting him, upon his plea of guilty, of possession of a sexual performance by a child (Penal Law § 263.16). Defendant was sentenced to a definite term of imprisonment of four months to be followed by ten years of probationary supervision (O'Brien, J., at plea and sentence). Defendant is currently under that supervision. There are no co-defendants.

## STATEMENT OF FACTS

### Introduction

Between April 21, 2011, and May 4, 2011, during the course of an investigation into online child pornography, Detective Badalucco of the Nassau County Police Department's Internet Child Exploitation Section, witnessed defendant use an online file sharing network to download numerous videos containing sexual performances by children. One such video was maintained by defendant in a computerized file and depicted a young girl exposing her genitals in a lewd manner. The victim was identified through the National Center for Missing and Exploited Children, and it was determined that the video recording possessed by defendant was made when the young girl was between the ages of four and five.

On June 21, 2011, members of the Nassau County Police Department executed a search warrant at defendant's house in Elmont, Nassau County. A forensic review of two computers seized pursuant to the search warrant revealed that defendant had more than seventy-five videos containing child pornography stored and saved on his computers' hard drives.[1] Defendant was arrested and charged with five counts of promoting a sexual performance by a child (Penal Law § 263.15) and five counts of

---

[1] The facts contained herein were taken from the pre-sentence report prepared by the Nassau County Probation Department, as well as the crime report prepared by police.

possession of a sexual performance by a child (Penal Law § 263.16). At the time of his arrest, defendant admitted searching for and downloading child pornography. He further stated that the youngest child depicted in the videos that he observed was about four years old. He told police that there is one particular video the he likes and repeatedly downloaded. It is called "12 [year] old fucks daddy."

On March 16, 2012, defendant entered into a plea agreement whereby he pled guilty to one count of possession of a sexual performance by a child. As a condition of his plea, defendant waived his right to appeal, agreed to register under the Sex Offender Registration Act (hereinafter "SORA") and was promised a sentence of four months of incarceration to be followed by ten years of probationary supervision. On June 13, 2012, defendant was sentenced as promised.

On appeal defendant argues that: (1) his waiver of appeal was invalid and is thus, unenforceable and, (2) his factual allocution was insufficient because it did not establish an element of the crime charged. Defendant's claims are partially unpreserved for appellate review, partially precluded by his valid appeal waiver, and entirely meritless.

## The Plea Proceeding

Defendant appeared in court with counsel on March 16, 2012, and, pursuant to the plea agreement, pled guilty under Superior Court Information No. 465N-2012 to possession of a sexual performance by a child (Penal Law § 263.16).

At the time of his plea, defendant was asked a series of questions by the Court, and under oath, defendant responded appropriately to the Court's questions, advising the court that he was twenty-one years old, a United States citizen, was able to read and write English, was in good physical and mental health, and had not consumed any drugs or alcohol during the preceding twenty-four hour period (P5-6). In addition, defendant assured the court that he had had sufficient time to discuss the case with his attorney, and that he was satisfied with the manner in which his attorney had represented him (P6).[2]

The court advised defendant of the rights he would be waiving as a result of his guilty plea, and defendant assured the court that he understood all of the rights to which he was entitled, including his right to a trial by jury, to confront and cross-examine the People's witnesses, to call witnesses on his own behalf, and to refuse to testify on his own behalf (P6-7).

---

[2] Numbers in parentheses preceded by "P" refer to the minutes of the plea proceeding.

The court further advised defendant that as a part of the plea agreement, defendant was required to waive his right to appeal, and the court explained the waiver of appeal as follows:

The Court:      An appeal is a proceeding in a higher court at which that court would have the opportunity to review what we've done here to see if we've made any mistakes of the law or fact that might affect either the validity of the conviction, which will happen shortly, or the validity of the sentence, which will be imposed at a later date.

                When you give up your right to appeal as part of a plea arrangement, what that means is no higher court is going to have the opportunity to review what we've done here. Do you understand that is a consequence of your plea?

Defendant:      Yes

The Court:      Has anyone threatened you or forced you to do that?

Defendant:      No

(P7-8).

The court went on to advise defendant that the maximum sentence he faced for a class "E" felony was four years in prison and that if he were to be convicted of another felony within the next ten years, he would be subject to a mandatory term of imprisonment (P8-9). The court further advised defendant that its sentence commitment was conditioned upon

4
A48

defendant cooperating with the probation department, showing up for sentence, and not being rearrested prior to sentence (P9-10). Moreover, the court instructed defendant that, if after reviewing the probation report, the court could not honor its commitment, defendant would be permitted to withdraw his guilty plea and proceed to trial. If, however, defendant did not abide by the conditions set by the court, the court could sentence defendant to the maximum sentence permissible by law (P9-10). Defendant indicated that he understood all of the court's admonishments (P8-10).

Defendant admitted that on April 21, 2011, he knowingly possessed videos on his computer depicting a five-year-old girl exposing her genitals in a lewd manner (P10). The court accepted defendant's guilty plea (P11).

## The Sentencing Proceeding

On June 13, 2012, defendant and his attorney appeared in court for sentencing. Defendant was sentenced, as promised, to a definite term of imprisonment of four months to be followed by ten years of probationary supervision (S3).[3]

---

[3] Numbers in parentheses preceded by "S" refer to the minutes of the sentencing proceeding.

POINT I

DEFENDANT'S WAIVER OF HIS RIGHT TO APPEAL WAS KNOWING, INTELLIGENT, AND VOLUNTARY AND IS, THEREFORE, ENFORCEABLE (answering defendant's brief, Point I).

In People v. Seaberg, 74 N.Y.2d 1, 10 (1989), the Court of Appeals established that a defendant, as a condition of a plea agreement, may waive his right to appeal certain issues that would otherwise survive a guilty plea, as long as the waiver is entered knowingly, voluntarily, and intelligently. The trial court, "in the first instance," must determine "whether a particular waiver satisfies these requirements" because it "is in the best position to assess all of the relevant factors, including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused." People v. Callahan, 80 N.Y.2d 273, 280 (1992). Although a court "need not engage in any particular litany or catechism in satisfying itself" that the defendant voluntarily entered into the waiver, it must "make certain that defendant's understanding of the waiver, along with the other terms and conditions of the plea agreement is evident on the face of the record." People v. Bradshaw, 18 N.Y.3d 257, 265 (2011)(quoting People v. Lopez, 6 N.Y.3d 248, 256 [2006]).

Of course, a "silent" record, where no "discussion between the court and defendant concerning the waiver" can be found,

"does not afford a sufficient basis for concluding" that the waiver was voluntary. Callahan, 80 N.Y.2d at 283; see also People v. Calvi, 89 N.Y.2d 868, 871 (1996); People v. Boustani, 300 A.D.2d 313 (2d Dept. 2002). Moreover, "[t]he record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty." Lopez, 6 N.Y.3d at 256. An understanding is not "evident on the face of the record" when the court, after describing the waiver, makes no inquiry to determine whether the defendant "adequately understood the right he was forgoing." Bradshaw, 18 N.Y.3d at 265. A waiver of the right to appeal will be found to be invalid if, during a plea allocution, a court fails to inquire of a defendant whether he understands the implication of the appellate rights he is waiving. See People v. Grant, 83 A.D.3d 862 (2d Dept. 2011).

Here, in addition to, and separate and distinct from, the rights defendant was forfeiting upon his plea of guilty, defendant was advised that, as a condition of his plea, he was required to waive his right to appeal. The court advised defendant that an appeal is a proceeding whereby a higher court reviews the actions of the court below to determine whether errors were made that would affect the validity of the conviction or the sentence (P7). The court further advised defendant that although he would normally have this right, he

was being asked to waive it as a condition of his plea. The court advised defendant that by waiving his right to appeal, no higher court would review what had transpired in his case (P7-8). The court asked defendant if he understood that that was a consequence of his plea. Defendant replied, "Yes" (P8). The court asked defendant if anyone had threatened or forced him to waive his right to appeal. Defendant replied, "No" (P8). This colloquy was sufficient to establish that defendant knew that he had a right to appeal, that he understood that as a condition of his plea, he was relinquishing that right, and that he was doing so knowingly, voluntarily, and intelligently.

In the cases cited by defendant, this Court determined that the record did not demonstrate "that the defendant grasped the concept of the appeal waiver and the nature of the right he was forgoing." People v. Springer, 109 A.D.3d 557, 558 (2d Dept. 2013); People v. Johnson, 970 N.Y.S.2d 462 (2d Dept. 2013); People v. Collins, 104 A.D.3d 785 (2d Dept. 2013). That is not the case here. There is no indication on the record that defendant did not understand the right to appeal or that he was waiving that right as a condition of his plea. Indeed, at the time of his plea, defendant was twenty-two years old and a college student (P5). He understood English, and was in good physical and mental health (P6). He assured the court that he knew of no reason that his ability to understand the plea

8
A52

proceeding would be impaired, and that he had sufficient time to discuss the plea with his attorney (P6).

Defendant's responses to the court's inquiries were entirely appropriate, and demonstrated that he fully understood the proceedings. He advised the court that he understood that by pleading guilty he was giving up numerous rights. Indeed, defendant makes no claim that he did not understand those rights, nor does he claim that he did not understand that he was giving up those rights by pleading guilty (P7). A review of the record demonstrates that the court advised him of the general rights that he was giving up in the same manner in which the court separately advised defendant that he was giving up his right to appeal by pleading guilty (P6-7). Moreover, when asked if defendant understood the general rights he would be automatically forfeiting by a plea of guilty, defendant responded, "Yes" (P7). Defendant however, seems to imply that while his "monosyllabic one-word answer" to the court's question pertaining to the forfeiture of his general rights was sufficient, it was not sufficient to demonstrate that he understood that he was giving up his right to appeal. (defendant's brief at 5.)

Defendant also argues that his waiver of appeal was invalid because the court did not require him to sign a written waiver of appeal. (defendant's brief at p.6-7). There is, however, no

requirement that defendant execute a written waiver of appeal in addition to an oral waiver. In this case, the oral waiver was entirely sufficient. See People v. Shurock, 83 A.D.3d 1342, 1342-43 (3d Dept. 2011) (defendant's refusal to sign written waiver of appeal did not render oral waiver ineffective).

In conclusion, it is evident from the record that defendant was fully advised of his right to appeal, and that he was giving up that right as a condition of the plea. Moreover, given defendant's age and his comprehension of the court proceedings, as evidenced by his responses to the court's inquiries, it is also evident that he fully understood the court's advisements, and that his waiver of the right to appeal was knowingly, voluntarily, and intelligently made. See People v. Callahan, 80 N.Y.2d at 280.

POINT II

DEFENDANT'S PLEA ALLOCUTION WAS FACTUALLY SUFFICIENT AND
ANY CLAIM TO THE CONTRARY IS PRECLUDED BY HIS VALID APPEAL
WAIVER AND IS UNPRESERVED FOR APPELLATE REVIEW (answering
defendant's brief, Point II).

Defendant, for the first time, challenges the factual
sufficiency of his plea allocution to possessing a sexual
performance of a child. It is well settled that a valid waiver
of a defendant's right to appeal precludes him from challenging
the factual sufficiency of his plea allocution. See People v.
Crews, 92 A.D.3d 795 (2d Dept. 2012); People v. Hardee, 84
A.D.3d 835 (2d Dept. 2011); People v. Nash, 38 A.D.3d 684 (2d
Dept. 2007). Here, as discussed in Point I, supra, defendant
validly waived his right to appeal, and is thus precluded from
challenging the factual sufficiency of his plea allocution.

In any event, defendant failed to preserve this claim for
appellate review. In order to preserve a challenge to the
factual sufficiency of a plea allocution, there must have been a
motion to withdraw the plea pursuant to C.P.L. § 220.60(3), or a
motion to vacate the judgment of conviction pursuant to C.P.L.
§ 440.10. See C.P.L. § 470.05[2]; People v. Lopez, 71 N.Y.2d
662, 665 (1988); People v. Colston, 68 A.D.3d 1130 (2d Dept.
2009); People v. Nash, 38 A.D.3d 684 (2d Dept. 2007). Defendant
did not move to withdraw his guilty plea, nor did he move for
vacatur of the judgment of conviction. Thus, his challenge to

11
A55

the factual sufficiency of his plea allocution is unpreserved. See People v. Lopez, 71 N.Y.2d 662, 665 (1988); People v. Watts, 91 A.D.3d 678 (2d Dept. 2012); People v. Patel, 74 A.D.3d 1098 (2d Dept. 2010).

Notwithstanding his failure to preserve, defendant contends that his case falls within the "rare case" exception to the preservation rule for cases in which a defendant's factual allocution casts significant doubt upon his guilt or otherwise calls into question the voluntariness of the defendant's plea. See People v. Lopez, 71 N.Y.2d at 666. In those "rare case" exceptions, the court cannot accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and the plea. "Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal post-allocution motion was not made." Id.

Defendant argues that his case is just such a "rare case," because, he contends, defendant did not allocute to knowingly possessing child pornography. That however, is not true. Defendant admitted that on April 21, 2011, he knowingly possessed child pornography on his computer. Specifically, he admitted that he was aware of the fact that he possessed an

12

A56

image of a five-year-old girl exposing her genitals in a lewd manner on his computer (P10). This was a sufficient allocution.

Defendant argues however, that his allocution was insufficient because he did not admit to engaging in an affirmative act such as printing, saving, or downloading the image, as required by the Court of Appeals in People v. Kent, 19 N.Y.3d 290 (2012). Defendant's argument is flawed for several reasons.

First, the Court of Appeals decision in Kent applies only to images maintained on a defendant's computer on a Web cache. That is not the case here where the images were discovered on defendant's hard drive. A Web cache is a temporary internet file that "contains images or portions of a Web page that are automatically stored when that page is visited and displayed on the computer screen: if the user visits the Web page again at a later date, the images are recalled from the cache rather than being pulled from the Internet, allowing the page to load more quickly." Id. at 296. In Kent, the Court held that the mere existence of an image automatically stored in the cache, standing alone, is legally insufficient to prove knowing possession of child pornography. In order to satisfy the requirement of "knowing possession," the People must prove that defendant was aware of the files stored in the cache by establishing that defendant engaged in an affirmative act of

13
A57

control, such as, printing, downloading or saving the images. Id. at 301. The court distinguished images maintained on a cache, and the permanent placement of images or files on a defendant's hard drive. Id. at 302. Thus, Kent is inapplicable here because the images possessed by defendant were not maintained on a cache.

Second, even if defendant's allocution did not establish the essential elements of possessing child pornography, which it did, this would not, in itself, be fatal to the propriety of his plea. Indeed, a bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime provided that the defendant is aware of what he or she is doing, i.e., that the defendant is knowingly and intelligently pleading guilty. See People v. Clairborne, 29 N.Y.2d 950 (1972); People v. Serrano, 15 N.Y.2d 304 (1964); People v. Wedgewood, 106 A.D.2d 674 (2d Dept. 1984).

Here, the record demonstrates that defendant knew exactly what he was doing when he pled guilty to the lesser crime. Defendant, who was initially charged with five counts of promoting child pornography, a class D felony, and five counts of possessing child pornography, a class E felony, was allowed to plead guilty to one count of possession of child pornography. Moreover, rather than risk conviction upon a trial of all of the charges, and a possible lengthy upstate prison sentence,

defendant elected to plead guilty to one class E felony in exchange for only four months in jail and ten years of probationary supervision (P4-5). Moreover, as previously discussed, the record establishes that defendant understood the charges against him and the consequences of his plea. Clearly, defendant was aware of what he was doing at the time he entered his plea, and therefore, a factual basis for his plea was not necessary. See People v. Martin, 239 A.D.2d 436 (2d Dept. 1997) (factual basis for defendant's plea was unnecessary, as defendant pled guilty to lesser crime and the record indicated that defendant understood the charges against him and that he entered his plea knowingly and voluntarily). Accordingly, this Court should affirm the judgment of conviction.

<u>CONCLUSION</u>

<u>DEFENDANT'S JUDGMENT OF CONVICTION SHOULD BE AFFIRMED.</u>


Dated:   Mineola, New York
         December 18, 2013


                              Respectfully Submitted,

                              Kathleen M. Rice
                              District Attorney, Nassau County
                              Attorney for Respondent
                              262 Old Country Road
                              Mineola, New York   11501
                              (516)571-3800



Barbara Kornblau
  Assistant District Attorney
  *of Counsel*
Matthew C. Frankel
  Attorney's Assistant

CERTIFICATE OF COMPLIANCE WITH 22 N.Y.C.R.R. § 670.10.3 (f)

BARBARA KORNBLAU does hereby certify as follows: This brief was prepared by computer; the body of the brief is double-spaced and utilizes a monospaced typeface (Dark Courier) of 12-point size; the footnotes are single-spaced and utilize the same typeface and point-size; and, according to the word count of the word processing system used (Microsoft Word), the brief contains 3,284 words, exclusive of the cover, table of contents, proof of service, and certificate of compliance.

Dated:   Mineola, New York
         December 18, 2013

BARBARA KORNBLAU

A61

 Neutral
As of: April 2, 2015 11:50 AM EDT

# *People v Terry*

Supreme Court of New York, Appellate Division, Second Department

March 5, 2014, Decided

2012-11397

### Reporter

115 A.D.3d 683; 981 N.Y.S.2d 567; 2014 N.Y. App. Div. LEXIS 1434; 2014 NY Slip Op 1471; 2014 WL 840920

The People of the State of New York, Respondent, v ***Trevor Terry***, Appellant. (Ind. No. 465/12)

**Subsequent History:** Leave to appeal denied by *People v Terry, 2014 N.Y. LEXIS 2279 (N.Y., July 24, 2014)*

## Core Terms

allocution, right to appeal, guilty plea, factual sufficiency

## Headnotes/Syllabus

### Headnotes

Crimes—Appeal—Waiver of Right to Appeal

**Counsel:** [***1] Steven A. Feldman, Uniondale, N.Y. (Arza Feldman of counsel), for appellant.

Kathleen M. Rice, District Attorney, Mineola, N.Y. (Barbara Kornblau of counsel; Matthew C. Frankel on the brief), for respondent.

**Judges:** RUTH C. BALKIN, J.P., PLUMMER E. LOTT, SHERI S. ROMAN, ROBERT J. MILLER, JJ. BALKIN, J.P., LOTT, ROMAN and MILLER, JJ., concur.

## Opinion

 [*683] [**567] Appeal by the defendant from a judgment of the County Court, Nassau County (O'Brien, J.), rendered June 13, 2012, convicting him of possessing a sexual performance by a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

 [**568]  The record was insufficient to insure that the defendant grasped the distinction between the trial rights automatically forfeited upon a plea of guilty and the right to appeal, especially since there is no written waiver of the right to appeal in the record (*see People v Moyett, 7 NY3d 892, 860 NE2d 59, 826 NYS2d 597 [2006]*; *People v Lopez, 6 NY3d 248, 256, 844 NE2d 1145, 811 NYS2d 623 [2006]*; *People v Ayala*, 112 AD3d 646, 975 NYS2d 889 [2013]; *cf. People v Ramos*, 7 NY3d 737, 738, 853 NE2d 222, 819 NYS2d 853 [2006]). Accordingly, the defendant's  [*684] purported waiver of his right to appeal was invalid, and does not preclude review of his challenge to the factual sufficiency of his plea allocution.

However, the defendant's  [***2] challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review since the defendant failed to move to withdraw his plea (*see People v Lopez, 71 NY2d 662, 665, 525 NE2d 5, 529 NYS2d 465 [1988]*; *People v Pellegrino, 60 NY2d 636, 637, 454 NE2d 938, 467 NYS2d 355 [1983]*; *People v Colston, 68 AD3d 1130, 892 NYS2d 145 [2009]*). Moreover, the exception to the preservation requirement, as enunciated in *People v Lopez (71 NY2d at 666)*, does not apply here because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Young*, 88 AD3d 918, 931 NYS2d 235 [2011]). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty (*see People v Goldstein, 12 NY3d 295, 301, 907 NE2d 692, 879 NYS2d 814 [2009]*; *People v Seeber, 4 NY3d 780, 781, 826 NE2d 797, 793 NYS2d 826 [2005]*; *People v Nixon, 21 NY2d 338, 350, 234 NE2d 687, 287 NYS2d 659 [1967]*, *cert denied sub nom. Robinson v New York*, 393 US 1067, 89 S Ct 721, 21 L Ed 2d 709 [1969]). Balkin, J.P., Lott, Roman and Miller, JJ., concur.

# FELDMAN & FELDMAN
## ATTORNEYS AT LAW

626 EAB PLAZA
WEST TOWER, 6TH FLOOR
UNIONDALE, NY 11556

March 12, 2014

TEL: (516) 522-2828
FAX: (516) 522-2844

Clerk of the Court
Court of Appeals Hall
20 Eagle Street
Albany, NY 12207

*Re: People v. Trevor Terry*

To the Clerk:

Pursuant to section 460.20 of the Criminal Procedure Law, the above named Defendant-Appellant requests permission to appeal to the Court of Appeals from an order of the Appellate Division, which affirmed his conviction. The leaveworthy issue upon which this application is based is identical to the one forth under "issues" in Appellant's brief. *See* 22 N.Y.C.R.R. § 500.10(a) [Question 2].

Because there is a federal constitutional issue, set forth in a footnote, Appellant specifically incorporates that into this leave application, such that this Court can be deemed to have reviewed it for exhaustion purposes under the rules of federal habeas corpus, should Appellant subsequently seek that relief.

An application has not been made to a Justice of the Appellate Division, and oral argument is hereby requested. *See* 22 N.Y.C.R.R. § 500.10(a). To facilitate review on appeal, we are enclosing the litigants' briefs and the court's order. If you have any questions, please call me.

Very truly yours,

Steven A. Feldman

SAF: hp
Encl's.
cc:    Nassau County
       District Attorney

A63



OFFICE OF
**THE DISTRICT ATTORNEY**
NASSAU COUNTY

KATHLEEN M. RICE
DISTRICT ATTORNEY

APPEALS BUREAU
TAMMY J. SMILEY, CHIEF

April 1, 2014

Honorable Jenny Rivera
Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, New York 12207-1095

      Re:     <u>People v. Trevor Terry</u>
               Appellate Division No. 2012-11397
               Ind. No. 465N-2012

Dear Judge Rivera:

      The People oppose defendant's application, pursuant to
Criminal Procedure Law § 460.20, for leave to appeal to the
Court of Appeals, from an order of the Appellate Division,
Second Department, dated March 5, 2014. That order unanimously
held that although defendant's waiver of appeal was invalid,
defendant failed to preserve his challenge to the factual
sufficiency of his plea allocution. In any event, the order of
the Appellate Division held that the facts admitted by defendant
during his plea allocution were sufficient, and affirmed the
judgment of the Supreme Court, Nassau County, rendered on
June 13, 2012, convicting defendant of possessing a sexual
performance by a child (Penal Law § 236.16). <u>See</u> <u>People v.</u>
<u>Terry</u>, ___ A.D.3d ___, 2014 WL 840920 (2d Dept. 2014). Defendant
was sentenced to a definite term of imprisonment of four months
to be followed by ten years of probationary supervision.

      Respondent opposes defendant's application because the
issue he seeks to appeal is unpreserved and not leave-worthy.

<u>Facts And Procedural History</u>

      This case arose during the course of an investigation into
online child pornography conducted by detectives from the Nassau
County Police Department's Internet Child Exploitation Section.

      Between April 21, 2011, and May 4, 2011, defendant was
observed, by Nassau County Police detectives, using an online
file sharing network to download numerous videos containing

Hon. Jenny Rivera
Page 2
April 1, 2014

sexual performances by children.  One such video was maintained
by defendant in a computerized file and depicted a young girl
exposing her genitals in a lewd manner.  The victim depicted in
that video was identified through the National Center for
Missing and Exploited children, and it was determined that the
video recording possessed by defendant had been made when the
young girl was between the ages of four and five.

On June 21, 2011, a search warrant was executed at
defendant's house in Elmont, Nassau County, during which two
computers were seized.  A forensic review of those computers
revealed that defendant had more than seventy-five videos
containing child pornography stored and saved on his computers'
hard drives.  Defendant was arrested.  He admitted searching
for, and downloading, child pornography depicting children as
young as four years old, including one particular video that he
claimed to particularly like, and thus repeatedly downloaded.

In his brief to the Appellate Division, defendant argued
that (1) his appeal waiver was invalid; and (2) his plea
allocution was factually insufficient.  Although a unanimous
panel of the Appellate Division, held that defendant's waiver of
appeal was not valid, it affirmed defendant's conviction,
finding that the claim that his allocution was insufficient was
unpreserved and otherwise meritless.  People v. Terry, __ A.D.3d
__, 2014 WL 840920 (2d Dept. 2014).  Defendant now seeks to
present his claim regarding the sufficiency of the plea
allocution to this Court.

<u>Review By The Court Of Appeals Is Unwarranted</u>

Defendant argues that his plea allocution was factually
insufficient.  For a challenge to the factual sufficiency of a
plea allocution to be preserved for appellate review, defendant
must have moved to withdraw the plea, pursuant to C.P.L.
§ 220.60(3), or vacate the judgment of conviction, pursuant to
C.P.L. § 440.10.  See People v. Lopez, 71 N.Y.2d 662, 664
(1998).  Here, defendant did neither.  Accordingly, his claim is
unreviewable by this Court.  Id., 71 N.Y.2d at 665.

Furthermore, as the Appellate Division found, this case
does not fall within the "rare case" exception to the
preservation rule enunciated in Lopez, 71 N.Y.2d at 665.  That
exception allows for review of the sufficiency of a factual
allocution, absent proper preservation, where the allocution
casts significant doubt upon defendant's guilt or otherwise

Hon. Jenny Rivera
Page 3
April 1, 2014


calls into question the voluntariness of the plea, and the court
fails to inquire further.   Thus, because defendant's allocution
did not cast doubt on his guilt, did not negate an essential
element of the crime, or call into question the voluntariness of
the plea, defendant's challenge to the sufficiency of the plea
allocution is unpreserved for appellate review.

      In sum, because review of defendant's claim is precluded by
his failure to preserve it, and because the claim does not
present any novel issue, his application for leave to appeal
should be denied.

                              Very truly yours,

                              Barbara Kornblau

                              Barbara Kornblau
                              Assistant District Attorney


cc:   Steven A. Feldman, Esq.
      Feldman & Feldman, Esqs.
      Attorney for Defendant
      626 RXR Plaza
      West Tower-6th Floor
      Uniondale, New York  11556

 Neutral

As of: September 30, 2015 4:51 PM EDT

## *People v Terry*

Court of Appeals of New York

July 24, 2014, Decided

No Number in Original

**Reporter**

2014 N.Y. LEXIS 2279; 23 N.Y.3d 1043; 17 N.E.3d 512; 993 N.Y.S.2d 257; 2014 NY Slip Op 98290(U)

People v Terry (Trevor)

**Notice:** DECISION WITHOUT PUBLISHED OPINION

**Prior History:** *Decision Reported Below: 2d Dept: 115 AD3d 683, 981 N.Y.S.2d 567 (Nassau)* **[*1]** .
*People v. Terry, 115 A.D.3d 683, 981 N.Y.S.2d 567, 2014 N.Y. App. Div. LEXIS 1434 (N.Y. App. Div. 2d Dep't, 2014)*

**Judges:** Rivera, J.

## Opinion

Applications for Criminal Leave to appeal denied